IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TONY TERREL ROSS, #171 563 | * | |
| Petitioner, | * | |
| v. | * | 2:08-CV-409-TMH (WO) |
| LOUIS BOYD, WARDEN *et al*., | * | |
| Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on May 23, 2008 by Tony Ross, a state inmate presently incarcerated at the Easterling Correctional Facility.[1]  In this action, Petitioner challenges his conviction for capital murder imposed upon him by the Circuit Court for Montgomery County, Alabama, on March 15, 1993.  Petitioner is serving a life sentence.

**DISCUSSION**

A review of the records of this court indicates that Petitioner filed a previous habeas

_____

Although  the Clerk of this court stamped the present petition "filed" on May 30, 2008,  Petitioner signed the petition on May 23, 2008.   The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Ross] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers May 23, 2008 as the date of filing.

corpus petition under 28 U.S.C. § 2254 challenging his 1993 capital murder conviction.

Petitioner filed the previous habeas petition on December 10, 1997. *Ross v. Mosley, et al.*,

Civil Action No. 2:97-CV-1721-ID (M.D. Ala. 1998).  In that prior action, the court denied

Petitioner relief from his Montgomery County capital murder conviction finding his habeas

application to be time-barred.  (*Id. at Doc. No. 9*.)

      Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or

successive application permitted by this section is filed in the district court, the applicant

shall move in the appropriate court of appeals for an order authorizing the district court to

consider the application."  "A motion in the court of appeals for an order authorizing the

district court to consider a second or successive application shall be determined by a three-

judge panel of the court of appeals" and may be granted "only if [the assigned panel of

judges] determines that the application makes a prima facie showing that the application

satisfies the requirements of [28 U.S.C. § 2244(b)(2)]."  28 U.S.C. § 2244(b)(3)(B) and (C).

      It is clear from the pleadings filed by Petitioner that he has not received an order from

a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to

consider a successive application for habeas relief.  "Because this undertaking [is

Petitioner's] second habeas corpus petition and because he ha[s] no permission from [the

Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction

to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932,

933 (11th Cir. 2001).  Consequently, the present petition for habeas corpus relief is due to be

denied and this case summarily dismissed. *Id*. at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Petitioner on May 23, 2008 be DENIED.

2.  This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **June 17, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v.*

*Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 5th day of June 2008.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

4